UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DONALD GASH,
  Plaintiff,

vs.            No. 06-1134

UNKNOWN OFFICERS,
  Defendants

## ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, Donald Gash, has submitted a complaint pursuant to 42 U.S.C. §1983 claiming his Eighth Amendment rights were violated. The plaintiff says while he was a resident at Illinois River Correctional Center in September of 2004, he received a threatening letter from another inmate. Although the letter was not signed, the plaintiff says he recognized the handwriting as that of Inmate Miller. The plaintiff says he reported the threat to an internal affairs officer who said he would investigate the matter. The plaintiff says he never heard back from the officer.

The plaintiff says Inmate Miller was then placed in the same living area. The plaintiff told a correctional officer that he feared for his safety, but no action was taken. Inmate Miller attacked the plaintiff later that same night.

The plaintiff has attached a response from the Administrative Review Board which states that Internal Affairs was not able to verify who wrote the threatening letter. In addition, there was no evidence that the plaintiff had warned anyone else about his concerns nor was there evidence the plaintiff was seriously injured.

The problem with the plaintiff's complaint is he is unable to identify the Internal Affairs Officer he spoke with or the Correctional Officer he talked to. If the plaintiff cannot identify these individuals, there are no defendant that can be served.

Therefore, the court will give the plaintiff a brief extension of time to identify the two defendants. The plaintiff should review any responses to his grievances for the name of the Internal Affairs Officer. If the plaintiff is still unable to provide names, he must at the least

1

provide a detailed physical description of each defendant, the hours they worked and the area in which they worked.  This information must be provided to the court on or before July10, 2006.  If the plaintiff fails to provide this information or does not provide adequate information to the court by the deadline, his case will be dismissed.

**ITS IS THEREFORE ORDERED that:**

**1) The plaintiff must provide the names or detailed descriptions of the two defendants to the court on or before July 10, 2006.  If the plaintiff fails to meet this deadline or does not provide adequate identifying information, his case will be dismissed.**

**2) This case is set for further hearing on July 12, 2006 at 9:30 a.m. by telephone conference call.  The clerk is to issue a writ for the plaintiff's participation in the call.**

Entered this __21st_____ day of June, 2006.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE