E-FILED
Friday, 25 August, 2006  10:58:38 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DONALD GASH,
  Plaintiff,

vs.                                        No. 06-1134

UNKNOWN OFFICERS,
  Defendants

## ORDER

On May 26, 2006, the pro se plaintiff submitted a complaint pursuant to 42 U.S.C. §1983 claiming his Eighth Amendment rights were violated at the Illinois River Correctional Center. The plaintiff alleged that he had received a threatening letter from another inmate in September of 2004. Although the letter was not signed, the plaintiff said he recognized the handwriting as that of Inmate Miller. The plaintiff reported the threat to an internal affairs officer who told the plaintiff he would investigate the matter. The plaintiff never heard back from the officer.

The plaintiff claimed that Inmate Miller was then placed in the same living area. The plaintiff told a correctional officer that he feared for his safety, but no action was taken. Inmate Miller attacked the plaintiff later that same night.

The plaintiff attached a response from the Administrative Review Board which stated that Internal Affairs was not able to verify who wrote the threatening letter. In addition, there was no evidence that the plaintiff had warned anyone else about his concerns nor was there evidence the plaintiff was seriously injured. It is doubtful the plaintiff could sustain an action under the Eighth Amendment, but of more immediate concern was the plaintiff's failure to identify a single defendant.

On June 21, 2006, the court advised the plaintiff that no defendants could be served if the plaintiff could not identify them. The court gave the plaintiff a brief extension of time and instructed the plaintiff that if he was "still unable to provide names, he must at the least provide a detailed physical description of each defendant, the hours they worked and the area in which they worked." June 21, 2006 Court Order. The plaintiff was also admonished that if he failed to provide this information, his case could be dismissed.

The plaintiff responded by providing a day and time the defendants worked, but he asked for a photo line up of all individuals who worked in order to identify the defendants. On July 13, 2006, the court informed that plaintiff that while the court does attempt to assist pro se plaintiffs, it was not the responsibility of the court nor the Illinois Department of Corrections to provide a photo line up of all individuals who worked a certain shift.

The court again admonished the plaintiff that the case could nor proceed unless he could identify at least one defendant, and again gave the plaintiff an extension of time to provide at least one name.

More than a month has passed since the court's last deadline, and the plaintiff has not filed any further response.   The defendants in this case are two individuals the plaintiff says he approached.  The court has allowed the plaintiff almost three months to at least provide a physical description of these individuals and he has failed to do so.   The case will be dismissed.

If the plaintiff is able to identify a defendant and chooses to refile this case, he must do so within the two year statute of limitations period. *See Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992).

**IT IS THEREFORE ORDERED that:**

**1) The clerk is directed to dismiss this case in its entirety without prejudice for failure to prosecute with due diligence.   *See* Fed. R.Civ. P. 41(b).**

**2) The plaintiff is still responsible for payment of the $350 filing fee.  The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher.  Thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the filing fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**3)  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.  The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Enter this 25th day of August, 2006.

_____
HAROLD BAKER
UNITED STATES DISTRICT JUDGE